CHIEF JUSTICE WILLIAMS
delivered the opinion o¡? the court:
Appellee having an execution from the clerk of the Simpson circuit court against John Bonier, &c., had it directed to the sheriff of Allen county, where the defendants resided, which the sheriff collected but failed to pay over.
Appellees then brought this action in the Simpson circuit court against appellants, as the sheriff and his securities on his official bond, to recover the amount so collected, with interest. The court adjudged the amount with fifteen per cent, per annum from May 1, 1860, which is sought to be reversed.
The first serious question raised is as to the jurisdiction of the court.
By section 120, original Civil Code, which is section 94 of Myers’ present Civil Code, “'an action against a public officer for an act done by him in virtue or under color of his office, or for a neglect of official duty,” must “be *630 brought in the county where the cause, or some part thereof, arose.”
The original Code was adopted March 22, 1851, and went into effect August 1, 1851.
By section 3, article 18,- chapter 36, Revised Statutes (1 Stanton, 493), sheriffs and other like officers are held responsible for money collected on executions, and for fifteen per cent, per annum after proper demand; and “ the remedy shall be by motion or suit in the court whence the execution issued.”
These statutes, by first section, page 177, 1 Stanton, were to take effect July 1, 1852; and, by section 4, repealed the Civil Code previously adopted, so far as inconsistent with these provisions.
Section 120, original Code, then stands repealed, so far as the court’s jurisdiction in such cases was concerned.
But the commissioners “revised, amended, and completed the Civil Code, and prepared the Code of Practice in Criminal Cases, all of which was reported to, and adopted by, the General Assembly at its last session,” preface by the commissioners to second* Code, dated September 2, 1854.
The Legislature, at its session 1853-4, did adopt the Civil Code as then reported, and enacted it should go into effect July 1, 1854 (sec. 908, present Civil Code)', and subsequently, March 10, 1854, a supplemental act was enacted. (Sec. 909, Civil Code.)
By section 748, Civil Code, it is provided, that “the Code of Practice in civil actions, as herein amended, shall regulate the procedure in civil actions and proceedings in courts of this Commonwealth; and that all laws coming within the purview of its provisions shall he repealed.'”
As the Civil Code, with its various amendments, were adopted subsequent to the recited provisions of the Re *631 viséd Statutes, the provisions of the Code must prevail'; hence, the Allen, and not the Simpson circuit court, had jurisdiction of the case.
As the case must be reversed for want of jurisdiction in the court below, the other errors assigned need not be noticed. ,
Wherefore, the judgment is reversed, with directions to dismiss the petition without prejudice.